Vassi Iliadis (Bar No. 296382)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

Lauren B. Cury (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
**HOGAN LOVELLS US LLP**
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5710
lauren.cury@hoganlovells.com
anna.shaw@hoganlovells.com

*Attorneys for Defendant NVIDIA Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TED ENTERTAINMENT, Inc., et al., | Case No.: 5:25-CV-10287-EJD-SVK |
| Plaintiffs, | **DEFENDANT NVIDIA CORPORATION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| NVIDIA CORPORATION, | Judge: Hon. Edward J. Davila |
| Defendant. | Courtroom: 4, 5th Floor |
| | Hearing Date: May 28, 2026 |
| | Hearing Time: 9:00 am |
| | Complaint Filed: November 26, 2025 |

DEFENDANT NVIDIA CORPORATION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOT. TO
DISMISS FIRST AMENDED COMPLAINT; Case No.: 5:25-CV-10287-EJD-SVK

## <u>REQUEST FOR JUDICIAL NOTICE</u>

Defendant NVIDIA Corporation ("NVIDIA") respectfully requests that the Court take judicial notice of the following exhibits in support of NVIDIA's Motion to Dismiss Plaintiffs' First Amended Complaint, true and correct copies of which are attached hereto (collectively, the "Exhibits"):

- A copy of the Complaint filed by Plaintiffs on December 23, 2025 in *Ted Entertainment, Inc. et al, v. Meta Platforms, Inc.*, No. 4:25-CV-10931-JST (N.D. Cal. 2025) (**Exhibit 1**);

- A copy of the Complaint filed by Plaintiffs on December 23, 2025 in *Ted Entertainment, Inc. et al, v. ByteDance, Inc.*, No. 3:25-CV-10933-JSC (N.D. Cal. 2025) (**Exhibit 2**);

- A copy of the Complaint filed by Plaintiffs on January 23, 2026 in *Ted Entertainment, Inc. et al, v. Snap Inc.*, No. 2:26-CV-00754-AB-MBK (C.D. Cal. 2025) (**Exhibit 3**); and

- The YouTube Help page titled "Change video privacy settings," available on the Google Support website at: https://support.google.com/youtube/answer/157177?hl=en&co=GENIE.Platform%3DDesktop&sjid=987918421712911138-NA&oco=0#zippy=%2Cprivate-videos%2Cpublic-videos%2Cunlisted-videos, as it appeared on April 6, 2026 (**Exhibit 4**).

## <u>AUTHORITY</u>

### A.    **Applicable Standard**

Judicial notice is proper where a fact is not subject to reasonable dispute because it is either: (1) generally known within the territorial jurisdiction of the trial court, or (2) "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Federal Rule of Evidence ("Rule") 201(b)(2). Courts are required to take judicial notice of facts if requested by a party and supplied with the necessary information. Rule 201(c)(2).

### B.    **The Court May Properly Take Judicial Notice of Plaintiffs' Other Pending Complaints as Matters of Public Record.**

Exhibits 1-3 consist of other complaints filed by Plaintiffs in this circuit, including under Section 1201(a) of the Digital Millennium Copyright Act ("DMCA"), and which likewise assert circumvention of alleged technological protection measures relating to YouTube videos. The Court

1

may properly take judicial notice of such pleadings as matters of public record.  *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (noting the Court may take judicial notice of undisputed matters of public record … including documents on file in federal or state courts."); *Lee v. City of Los Angeles,* 205 F.3d 668, 688-89 (9th Cir. 2001) ("a court may take judicial notice of 'matters of public record'") (citation omitted); *Banks v. Banks*, No. 18-CV-07456-EDL, 2019 WL 1095825, at *2 n. 1 (N.D. Cal. Jan. 9, 2019) (taking judicial notice of "other complaints Plaintiff has filed in or removed to this District … as the complaints are judicially noticeable as part of court proceedings.").

NVIDIA respectfully requests that the Court take judicial notice of these complaints not for the truth of the allegations contained therein, but with respect to how Plaintiffs have characterized and described the very technological protection measures they allege here in other judicial proceedings.  Courts consistently hold that although the truth of disputed factual allegations may not be judicially noticed, the fact that a party made particular allegations or representations in pleadings is a proper subject of judicial notice.  *See Marina Alvarez, et al., v. FCA US, LLC*, No. 24-CV-08782-PCP, 2026 WL 734527, at *1 n. 3 (N.D. Cal. Mar. 16, 2026) (taking judicial notice "only of the existence of the complaints, not their truth"); *Zaracotas v. AmGUARD Ins. Co.*, No. 22-CV-06156-DMR, 2024 WL 846239, at *1 n. 1 (N.D. Cal. Feb. 28, 2024) ("[t]he court takes judicial notice of the existence of the complaints and the allegations therein, although it does not take judicial notice of disputed facts within the complaint."); *Dist. Council 16 N. California Health & Welfare Tr. Fund v. FieldTurf USA, Inc.*, No. 3:23-CV-06472-JSC, 2024 WL 1291517, at *1 n. 3 (N.D. Cal. Mar. 25, 2024); *Emberton v. San Francisco City Gov't*, No. 22-CV-05440-TSH, 2023 WL 3983809, at *3 (N.D. Cal. June 13, 2023) (taking judicial notice "of the fact that Plaintiff filed complaints against the City of San Francisco on February 8, 2022 and June 21, 2022 and the allegations raised by Plaintiff in the complaints, but not the truth of those allegations.").

Because NVIDIA seeks judicial notice only for this limited and permissible purpose, the Court may properly take such notice under Rule 201.

**C. The Court May Properly Take Judicial Notice of the YouTube Help Page on the Google Support Website.**

Exhibit 4 consists of the YouTube Help page titled "Change video privacy settings," available on the Google Support website, and which describes options to make videos "private" or "unlisted," rather than public. Courts routinely find judicial notice proper over publicly available websites, including Google Support pages, and including YouTube Help pages specifically. *U.S. v. Keys*, No. 2:13-CR-00082-KJM, 2021 WL 1549732, at \*6 (E.D. Cal. Apr. 20, 2021) (taking judicial notice of YouTube Help page); *McCoy v. Alphabet, Inc.,* No. 20-CV-05427-SVK, 2021 WL 405816, at \*3 (N.D. Cal. Feb. 2, 2021) (taking judicial notice of Google support webpages); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting that publicly available websites are proper subjects of judicial notice); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (granting judicial notice over two Amazon.com webpages).

The Court may properly take notice of this Exhibit and the fact that it details particular privacy options for YouTube content, as this website is publicly available, and there is no reasonable basis to question its accuracy or authenticity.

## CONCLUSION

For all of the foregoing reasons, NVIDIA respectfully requests that its Request for Judicial Notice be granted.

3

Dated: April 6, 2026

Respectfully submitted,

By: */s/ Lauren Cury*

**HOGAN LOVELLS US LLP**
Vassi Iliadis (Bar No. 163450)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

Lauren B. Cury (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
lauren.cury@hoganlovells.com
anna.shaw@hoganlovells.com

*Attorneys for Defendant*
*NVIDIA CORPORATION*

DEFENDANT NVIDIA CORPORATION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOT. TO
DISMISS FIRST AMENDED COMPLAINT; Case No.: 5:25-CV-10287-EJD-SVK