**HOGAN LOVELLS CADWALADER US LLP**
Vassi Iliadis (Bar No. 163450)
Joe O'Connor (Bar No. 274421)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
vassi.iliadis@hlc.com
joe.oconnor@hlc.com

Lauren B. Cury (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
Danielle Desaulniers Stempel (*pro hac vice*)
Casey Magersupp (*pro hac vice*)
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
lauren.cury@hlc.com
anna.shaw@hlc.com
danielle.stempel@hlc.com
casey.magersupp@hlc.com

Katherine B. Wellington (*pro hac vice*)
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 702-7747
katherine.wellington@hlc.com

Gurtej Singh (Bar No. 286547)
Christine Pinnkathok (Bar No. 353430)
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
tej.singh@hlc.com
christine.pinnkathok@hlc.com

*Attorneys for Defendant NVIDIA Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| TED ENTERTAINMENT, Inc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> NVIDIA CORPORATION, <br><br> Defendant. | Case No.: 5:25-CV-10287-EJD-SVK <br> **DEFENDANT NVIDIA CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Judge: Hon. Edward J. Davila <br> Courtroom: 4, 5th Floor <br> Hearing Date: August 27, 2026 <br> Hearing Time: 9:00 am |

<u>**NOTICE OF MOTION & MOTION**</u>

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE**, that on August 27, 2026,[1] in Courtroom 4, 280 South 1st Street, before the Honorable Edward J. Davila, Defendant NVIDIA Corporation ("NVIDIA") will and hereby does move this Court for an order staying discovery in this action until NVIDIA's pending Motion to Dismiss (Dkt. 33) is decided.

This Motion is based on this Notice of Motion and Motion; the following Memorandum of Points and Authorities in support thereof; all matters of which the Court may take judicial notice; and such documentary and oral evidence as may be presented at or before the hearing on this Motion.

Dated: July 3, 2026

Respectfully submitted,

By: */s/ Lauren Cury*

**HOGAN LOVELLS CADWALADER US LLP**
Vassi Iliadis (Bar No. 163450)
Joe O'Connor (Bar No. 274421)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
vassi.iliadis@hlc.com
joe.oconnor@hlc.com

Lauren B. Cury (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
Danielle Desaulniers Stempel (*pro hac vice*)
Casey Magersupp (*pro hac vice*)
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
lauren.cury@hlc.com
anna.shaw@hlc.com
danielle.stempel@hlc.com
casey.magersupp@hlc.com

---

[1] In light of the proximity of the parties' conferral to the federal holiday, NVIDIA was unable to confirm a hearing date with the Courtroom Deputy.  NVIDIA will be prepared to discuss this motion at the July 23, 2026 Initial Case Management Conference, and defers to the Court's availability should the Court desire a separate hearing on this motion.

i

Katherine B. Wellington (*pro hac vice*)
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 702-7747
katherine.wellington@hlc.com

Gurtej Singh (Bar No. 286547)
Christine Pinnkathok (Bar No. 353430)
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
tej.singh@hlc.com
christine.pinnkathok@hlc.com

*Attorneys for Defendant*

*NVIDIA CORPORATION*

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES TO BE DECIDED ............................................................................ 1

INTRODUCTION ......................................................................................................................... 1

BACKGROUND ........................................................................................................................... 1

LEGAL STANDARD ................................................................................................................... 3

ARGUMENT ................................................................................................................................. 3

I.   NVIDIA's Motion to Dismiss Will Dispose of the Entire Case. ........................................ 3

II.   NVIDIA's Motion to Dismiss Can Be Decided Without Discovery. ................................. 4

III.   Staying Discovery Will Promote Judicial Economy and Conserve Party and Third
Party Resources. ................................................................................................................... 5

CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Cr. Union v. Apple Inc.*,
  No. 22-cv-04174-JSW, 2023 WL 12065782 (N.D. Cal. Apr. 14, 2023) ................................. 6

*Arcell v. Google LLC*,
  No. 5:22-CV-02499-EJD, 2022 WL 16557600 (N.D. Cal. Oct. 31, 2022) ..................... 4

*Crema Soc., Inc. v. Apple Inc.*,
  No. 25-cv-08905-EKL, 2026 WL 686311 (N.D. Cal. Mar. 11, 2026) ..................................... 1

*Garcia v. TDBBS, LLC*,
  No. 25-CV-00299-AMO, 2025 WL 1755648 (N.D. Cal. June 25, 2025) .............................. 3

*Glass Egg Digital Media v. Gameloft, Inc.*,
  No. 17CV04165MMCRMI, 2019 WL 4166780 (N.D. Cal. Sept. 3, 2019).............................. 5

*Hamilton v. Rhoads*,
  No. C 11-0227 RMW PR, 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) .............................. 3

*Heck v. Amazon.com, Inc.*,
  No. 22-CV-03986-JSW, 2022 WL 16579372 (N.D. Cal. Nov. 1, 2022)................................. 3

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988)........................................................................................ 3

*In re Nexus 6p Products Liab. Litig.*,
  No. 17-cv-02185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017)................................. 5

*Onuoha v. Facebook, Inc.*,
  No. 5:16-CV-06440-EJD, 2017 WL 11681325 (N.D. Cal. Apr. 7, 2017)............................. 4

*Pereda v. Gen. Motors LLC*,
  No. 21-cv-06338, JST, 2022 WL 19692037 (N.D. Cal. Mar. 15, 2022) ............................ 1, 3

*Realtek Semiconductor Corp. v. MediaTek, Inc.*,
  732 F. Supp. 3d 1101 (N.D. Cal. 2024) ................................................................. 3

*Reveal Chat Holdco, LLC*,
  No. 20-cv-00363-BLF, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ................................. 4

*Ted Ent. Inc v. Amazon.com Inc.*,
  Case No. 2:26-cv-01134 (W.D. Wash.) ................................................................. 2

*Ted Ent., Inc. v. Apple, Inc.*,
  Case No. 3:26-cv-02936 (N.D. Cal.)................................................................. 2

*Ted Ent., Inc. v. ByteDance Inc.*,
  Case No. 3:25-cv-10933 (N.D. Cal.) ........................................................................ 2

*Ted Ent., Inc. v. Meta Platforms, Inc.*,
  Case No. 4:25-cv-10931 (N.D. Cal.) ........................................................................ 2

*Ted Ent., Inc. v. OpenAI Inc.*,
  Case No. 3:26-cv-02935 (N.D. Cal.) ........................................................................ 2

*Ted Ent., Inc. v. Snap Inc.*,
  Case No. 2:26-cv-00754 (C.D. Cal.) ........................................................................ 2

*Williams-Sonoma, Inc. v. Last Brand, Inc.*,
  No. 5:25-cv-10118-EJD, 2026 WL 1301007 (N.D. Cal. May 12, 2026) ............................ 4, 5

**Statutes**

17 U.S.C § 1201(a)(1) ................................................................................................ 1, 2

**Other Authorities**

Civil L.R. 7-4(a)(3) ..................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 2

S. Rep. No. 105–190 (1998) ........................................................................................ 2

v

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Civil L.R. 7-4(a)(3), NVIDIA Corporation states that this Motion to Stay Discovery raises the following issue to be decided by the Court:

1. Whether discovery should be stayed pending resolution of Defendant NVIDIA Corporation's Motion to Dismiss, Dkt. 33, which seeks to dismiss the entirety of Plaintiffs' First Amended Complaint.

### INTRODUCTION

Defendant NVIDIA Corporation ("NVIDIA") respectfully moves the Court for a stay of discovery pending resolution of its Motion to Dismiss the First Amended Complaint, Dkt. 33 ("Motion"). All relevant factors support staying discovery "until Plaintiff[]s plausibly state[] a claim." *Crema Soc., Inc. v. Apple Inc.*, No. 25-cv-08905-EKL, 2026 WL 686311, at *8 (N.D. Cal. Mar. 11, 2026).

*First*, the Motion to Dismiss may dispose of the entire First Amended Complaint and render discovery unnecessary. NVIDIA "raised forceful challenges to the complaint," identifying multiple independent bases for dismissal of its sole count. *Id.* **Second**, "discovery is not necessary to determine the legal viability" of Plaintiffs' claim because the Motion challenges the sufficiency of Plaintiffs' allegations as a matter of law. *Id.* **Third**, considerations of judicial economy and conservation of party and third party resources favor a limited discovery stay. The Motion raises several threshold issues, each of which may independently dispose of Plaintiffs' claim. "[E]ngaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential waste of resources." *Pereda v. Gen. Motors LLC,* No. 21-cv-06338, JST, 2022 WL 19692037, at *1 (N.D. Cal. Mar. 15, 2022) (internal quotations and citation omitted). The Court should accordingly stay discovery until the Motion to Dismiss is resolved.

### BACKGROUND

In late November 2025, Plaintiffs filed this putative class action asserting a single cause of action under the DMCA, 17 U.S.C § 1201(a)(1). That claim alleges that in downloading videos from YouTube for AI model training, NVIDIA "bypass[ed] technological measures that control

1

\\4149-5492-6186  v2

access to and copying of YouTube videos." Dkt. 30 ("Am. Compl.") ¶ 14.[2]

But a Section 1201(a) claim is limited to circumvention of *access* controls. 17 U.S.C. § 1201(a)(1)(A). It does not apply to "*copying*," which Congress explicitly excluded from its purview. S. Rep. No. 105–190, at 12 (1998) (explaining "there is no" corresponding "prohibition" in the DMCA on the circumvention of copy controls). As Plaintiffs concede, YouTube does not restrict access to their videos, which the public "can watch and listen to [ ] for free." Am. Compl. ¶ 29. Instead, they base their § 1201(a) claim on NVIDIA's alleged downloading of digital copies. *Id.* ¶ 58 (describing all five of the TPMs Plaintiffs accuse NVIDIA of circumventing as designed "to impede [ ] downloading").

On April 6, 2026, NVIDIA moved to dismiss the entire First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).[3] As explained in that Motion, Plaintiffs' singular claim is subject to dismissal on several independent grounds. *First*, Plaintiffs cannot maintain an access control circumvention claim where, as here, they have made their works freely accessible to the public. Mot. at 7–10. *Second*, none of the five TPMs alleged by Plaintiffs qualify as access controls as a matter of law. *Id.* at 11–15. *Third*, each of those alleged TPMs suffer from additional deficiencies with respect to effectiveness, circumvention and/or their conclusory nature. Dkt. 59 ("Reply") at 10–14. And *fourth*, Plaintiffs fail to allege when the claimed downloading occurred and which, if any, of the identified TPMs were in place at that time. *Id.* at 10.

---

[2] This case is one of seven separate putative class actions Plaintiffs have filed on these grounds. Motions to dismiss are pending in five of those cases, with the response to the complaints in the other two cases not yet due. *See Ted Ent. Inc v. Amazon.com Inc.*, Case No. 2:26-cv-01134 (W.D. Wash.); *Ted Ent., Inc. v. Apple, Inc.*, Case No. 3:26-cv-02936 (N.D. Cal.); *Ted Ent., Inc. v. ByteDance Inc.*, Case No. 3:25-cv-10933 (N.D. Cal.); *Ted Ent., Inc. v. Meta Platforms, Inc.*, Case No. 4:25-cv-10931 (N.D. Cal.); *Ted Ent., Inc. v. OpenAI Inc.*, Case No. 3:26-cv-02935 (N.D. Cal.); *Ted Ent., Inc. v. Snap Inc.*, Case No. 2:26-cv-00754 (C.D. Cal.).

[3] This was NVIDIA's second Motion to Dismiss on these grounds. In response to NVIDIA's first Motion to Dismiss, Dkt. 23, Plaintiffs filed the First Amended Complaint, Dkt. 30.

2

NVIDIA's potentially case dispositive motion—which is fully briefed and set to be heard on July 23, 2026—should be resolved before discovery commences. NVIDIA therefore requests a stay of discovery until resolution of its Motion to Dismiss.

**LEGAL STANDARD**

"A district court has broad discretion to stay discovery pending the disposition of a dispositive motion." *Hamilton v. Rhoads*, No. C 11-0227 RMW PR, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). To determine whether such a stay should issue, courts in this District apply a two-part test. *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117 (N.D. Cal. 2024). First, the pending motion "must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* at 1117–18. Second, the pending motion must be capable of resolution without additional discovery. *Id.* at 1118.

In applying this test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Id.* In addition to these two factors, courts in the Ninth Circuit may "also consider whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential 'waste of resources.'" *Pereda*, 2022 WL 19692037, at *1. All relevant factors support staying discovery until resolution of NVIDIA's Motion to Dismiss.

**ARGUMENT**

**I.    NVIDIA's Motion to Dismiss Will Dispose of the Entire Case.**

The first factor supports a discovery stay because NVIDIA's pending Motion to Dismiss is "*potentially* dispositive of the entire case*." Heck v. Amazon.com, Inc.*, No. 22-CV-03986-JSW, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (emphasis in original). Courts routinely find a motion "potentially dispositive" where, as here, it seeks dismissal of all claims in the action. *Heck*, 2022 WL 16579372, at *2 (finding the first factor satisfied where the defendants sought dismissal of all claims); *Garcia v. TDBBS, LLC*, No. 25-CV-00299-AMO, 2025 WL 1755648, at *2 (N.D. Cal. June 25, 2025) (same); *Williams-Sonoma, Inc. v. Last Brand, Inc.*, No. 5:25-CV-10118-EJD,

3

2026 WL 1301007, at *2 (N.D. Cal. May 12, 2026) (Davila, J.) (same).

NVIDIA's Motion to Dismiss sets forth multiple independent grounds for dismissal of the sole claim brought by Plaintiffs. As detailed in the Motion, Plaintiffs' decision to make their videos freely accessible to the public is fatal to Plaintiffs' access control-based claim. Mot. at 7–10. So too are Plaintiffs' own descriptions of the five TPMs they allege, which, accepted as true, establish that none of those TPMs qualify as access controls sufficient to support a § 1201(a) claim. *Id.* at 11–15. Further, Plaintiffs are unable to establish the effectiveness and/or circumvention of each of those TPMs. Mot. at 11–15. And Plaintiffs fail to allege that any of the alleged TPMs were in effect at the time of any of the alleged downloading. *Id*. at 14. In sum, the Motion to Dismiss provides multiple independent bases for dismissal of the singular claim asserted in the Complaint. Thus, the first factor tips in favor of a discovery stay.

**II.    NVIDIA's Motion to Dismiss Can Be Decided Without Discovery.**

The second factor supports a stay because no discovery is needed to decide NVIDIA's Motion to Dismiss, which "is based solely on the allegations in the Complaint and does not raise any factual issues." *Reveal Chat Holdco, LLC*, No. 20-cv-00363-BLF, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020). Indeed, briefing on NVIDIA's Motion to Dismiss is already complete and is precisely the type of motion the Court has repeatedly found to warrant a stay of discovery. *Williams-Sonoma, Inc.,* 2026 WL 1301007, at *2–3 (Davila, J.) (staying discovery because "if the Court grants [defendant's] Motion in its entirety, it will dispose of all claims" and the motion could be "decided without additional discovery"); *Arcell v. Google LLC*, No. 5:22-CV-02499-EJD, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (Davila, J.) ("Defendants have established that their motion is 'potentially dispositive' of the entire case, which weighs in favor of granting a stay of discovery until the Court issues a ruling on Defendants' motion to dismiss"); *Onuoha v. Facebook, Inc.,* No. 5:16-CV-06440-EJD, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017) (Davila, J.) (staying discovery pending a decision on motion to dismiss because, if defendant prevailed, "Plaintiffs' claims will be dismissed" and the motion "can be decided without further discovery").

4

**III.    Staying Discovery Will Promote Judicial Economy and Conserve Party and Third Party Resources.**

Finally, considerations of judicial economy and the conservation of party and third party resources strongly favor staying discovery until the Motion to Dismiss is resolved.

*First*, the Motion to Dismiss seeks dismissal of the First Amended Complaint in its entirety, and if granted, would eliminate any need for discovery. The Motion raises several threshold issues that Plaintiffs must overcome to establish a claim, including whether they can maintain a § 1201(a) claim based on videos which are freely accessible to any member of the public; and whether any of the five alleged TPMs qualify as access controls under the law. As explained in NVIDIA's Motion to Dismiss, Plaintiffs cannot, and none are. Mot. at 11–15.

*Second*, a stay is warranted to avoid imposing burdensome and potentially unnecessary discovery, including of third parties, before the Court determines whether Plaintiffs have stated a viable DMCA claim. Plaintiffs accuse NVIDIA of downloading "more than 100 million clips," Am. Compl. ¶ 85, and seek to certify a putative class of "[a]ll individuals and entities in the United States whose videos were posted on YouTube and were accessed by Defendant." Am. Compl. ¶ 126. Moreover, Plaintiffs intend to seek broad third-party discovery in this case from YouTube, and have indicated an intent to issue separate subpoenas on YouTube in each of the seven cases they have filed. This burdensome and duplicative non-party discovery also weighs in favor of a stay until the Court resolves NVIDIA's Motion. *Glass Egg Digital Media v. Gameloft, Inc.,* No. 17CV04165MMCRMI, 2019 WL 4166780, at *3 (N.D. Cal. Sept. 3, 2019) ("This Court is particularly concerned anytime enforcement of a subpoena imposes an economic burden on a non-party." (citation omitted)). Staying discovery will therefore conserve party, third party, and judicial resources and avoid potentially wasteful discovery into complex technical issues. *Williams-Sonoma*, 2026 WL 1301007, at *3 (staying discovery where anticipated discovery included extensive ESI and other burdensome discovery).

*Third*, a limited stay would not unduly prejudice Plaintiffs. This case remains in its earliest stages. No trial date has been set. *In re Nexus 6p Products Liab. Litig.*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (finding no undue prejudice where no

trial date had been set). And the Court has neither "entered a scheduling order" nor held a case management conference. *Affinity Credit Union*, No. 22-cv-04174-JSW, 2023 WL 12065782, at *2 (N.D. Cal. Apr. 14, 2023). NVIDIA's Motion to Dismiss is fully briefed and scheduled to be heard on July 23, 2026. Under these circumstances, a brief stay will not unduly delay the litigation but will instead promote the efficient administration of this case while conserving judicial, party, and third party resources.

## CONCLUSION

For the above reasons, the Court should stay discovery until resolution of NVIDIA's pending Motion to Dismiss.

Dated: July 3, 2026

Respectfully submitted,

By: */s/ Lauren Cury*

**HOGAN LOVELLS CADWALADER US LLP**
Vassi Iliadis (Bar No. 163450)
Joe O'Connor (Bar No. 274421)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
vassi.iliadis@hlc.com
joe.oconnor@hlc.com

Lauren B. Cury (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
Danielle Desaulniers Stempel (*pro hac vice*)
Casey Magersupp (*pro hac vice*)
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
lauren.cury@hlc.com
anna.shaw@hlc.com
danielle.stempel@hlc.com
casey.magersupp@hlc.com

Katherine B. Wellington (*pro hac vice*)
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 702-7747
katherine.wellington@hlc.com

Gurtej Singh (Bar No. 286547)
Christine Pinnkathok (Bar No. 353430)
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111

6

Telephone: (415) 374-2300
tej.singh@hlc.com
christine.pinnkathok@hlc.com

*Attorneys for Defendant*
*NVIDIA CORPORATION*

7