LATHAM & WATKINS LLP
Joseph R. Wetzel (SBN 238008)
Andrew M. Gass (SBN 259694)
Brittany N. Lovejoy (SBN 286813)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415.391.0600
Email: *Joe.Wetzel@lw.com*
*Andrew.Gass@lw.com*
*Britt.Lovejoy@lw.com*

LATHAM & WATKINS LLP
Samir Deger-Sen (*pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.906.1200
Email: *Samir.Deger-Sen@lw.com*

*Attorneys for Defendant Meta Platforms, Inc. in Case No. 25-cv-10931-JST*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TED ENTERTAINMENT, INC., MATT FISHER, and GOLFHOLICS, INC., each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | CASE NO. 5:25-cv-10287-EJD<br><br>**META PLATFORMS, INC.'S RESPONSE IN OPPOSITION TO RELATING CASES**<br><br>The Honorable Edward J. Davila |

Pursuant to Civil Local Rules 3-12(c) and 3-12(e), Defendant Meta Platforms, Inc. ("Meta") submits this statement in opposition to relating the cases in response to the Referral for Purpose of Determining Relationship, Dkt. 76, which referred *Ted Entertainment, Inc. v. Meta Platforms, Inc.*, No. 25-cv-10931, to this Court for consideration of whether the Meta case is related to *Ted Entertainment, Inc. v. Nvidia Corp.*, No. 25-cv-10287. The cases involve different defendants, different AI products, and different development and training allegations. They do not come close to meeting the standard for relation under this Court's rules.

Pursuant to Local Rule 3-12(a), actions are related when (1) they "concern substantially the same parties, property, transaction, or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Neither requirement is satisfied here.

The actions do not "concern substantially the same parties." L.R. 3-12(a)(1). The defendants—Nvidia Corporation ("Nvidia") and Meta—are distinct and unrelated companies. And only three of the six plaintiffs in the Meta case overlap with those in the Nvidia case. Three out of eight (and no defendants) is not "substantially the same" by any measure.

The actions also do not "concern substantially the same . . . property, transaction, or event." *Id.* They concern different AI models: Nvidia's single artificial intelligence ("AI") model, "Cosmos," Dkt. 30 ("Nvidia Compl.") ¶ 1, and Meta's several AI models, "such as, 'Make-A-Video', 'V-JEPA', 'V-JEPA 2', *and* other AI products," Dkt. 31 ("Meta Compl.") ¶ 1, *Meta*, No. 25-cv-10931 (N.D. Cal. Apr. 22, 2026) (emphasis added). The different AI products have different functions and commercial purposes: "Cosmos is a video world model—conceived and marketed as a foundational AI model designed to be layered between Defendant's full suite of services and products . . . and autonomous vehicle systems." Nvidia Compl. ¶ 2. In contrast, Meta's products "generate video output from text and image input." Meta Compl. ¶ 2. And the AI products were developed and trained separately by different companies using different datasets: Only Nvidia's Cosmos was allegedly trained on the HD-VG-130M dataset, and only Meta's AI products were allegedly trained on the Panda-70M and YT-Temporal-1B datasets. *Compare* Nvidia Compl. ¶ 66, *with* Meta Compl. ¶ 105. Further, the allegations in the Nvidia case are based on leaked documents

and specific infrastructure details, whereas the allegations in the Meta case are based mostly "on information and belief" and extrapolations from academic papers that Meta itself published. *Compare, e.g.*, Nvidia Compl. ¶ 101 ("Defendant deployed dozens of virtual machines on Amazon Web Services ('AWS') and used those machines as part of a coordinated IP-rotation scheme." (citing Samantha Cole, *Leaked Documents Show Nvidia Scraping "A Human Lifetime" of Videos Per Day to Train AI*, 404 Media (Aug. 5, 2024), https://www.404media.co/nvidia-ai-scraping-foundationalmodel-cosmos-project)), *with* Meta Compl. ¶¶ 128, 130 (alleging "[o]n information and belief" that "Defendant implemented an IP rotation scheme" based on Plaintiffs' hypothesis that "[e]xecuting an IP rotation scheme" was "necessary to access the volumes of files indexed").

This different alleged conduct, by different defendants, to develop and train different AI products cannot be considered part of the same "transaction" or "event." L.R. 3-12(a)(1). For this reason, courts have routinely refused to relate or join cases based on training of generative AI models brought against different defendants, concluding that "cases involv[ing] different parties and different accused products . . . do not concern substantially the same property, transaction or event as required by LR 3-12(a)(1)." *Olympic Devs. AG, LLC v. Nintendo of Am.*, 2011 WL 13352803, at *1 (N.D. Cal. Apr. 20, 2011); *see, e.g.*, *Cambronne, Inc. v. Anthropic PBC*, 2026 WL 1700561, at *1–2 (N.D. Cal. June 8, 2026) (similar, denying motion to consolidate); Dkt. 32, *Chicken Soup for the Soul, LLC v. Anthropic PBC*, No. 26-cv-2333 (N.D. Cal. Apr. 10, 2026) (similar, *sua sponte* severing cases involving different defendants); *Sorensen v. Lexar Media, Inc.*, 2008 WL 11344635, at *1 (N.D. Cal. July 25, 2008) (similar, denying motion to relate). And they have also refused to relate or join cases based on training of generative AI models brought by different plaintiffs, even when against the same defendant. *See, e.g.*, Dkt. 239, *Concord Music Grp., Inc. v. Anthropic PBC*, No. 24-cv-3811 (N.D. Cal. Sept. 19, 2024); Dkt. Entry Declining Case as Not Related, *Chi. Tribune Co. v. Perplexity AI, Inc.*, No. 25-cv-10094 (S.D.N.Y. Dec. 9, 2025).

Tellingly, in the myriad cases brought by the same plaintiffs' counsel against different technology companies alleging claims under Section 1201, while parties have stipulated to relate cases brought against the same defendant, *no* plaintiff or defendant has sought to relate any case

involving different defendants. *See, e.g.*, *Ted Ent., Inc. v. ByteDance*, No. 25-cv-10933 (N.D. Cal.); *Ted Ent. v. OpenAI, Inc.*, No. 26-cv-2935 (N.D. Cal.); *Ted Ent., Inc. v. Apple, Inc.*, No. 26-cv-2936 (N.D. Cal.); *Ted Ent., Inc. v. Snap, Inc.*, No. 26-cv-754 (C.D. Cal.); *Ace Cam, Inc. v. Runway AI, Inc.*, No. 26-cv-1362 (S.D.N.Y.); *Ted Ent., Inc. v. Amazon.com, Inc.*, No. 26-cv-1134 (W.D. Wash.). The cases against Meta and Nvidia are no more related to each other than they are to any of these, or than any of these is to each other.

Given the factual differences between the cases, proceeding before different Judges would not likely result in "unduly burdensome duplication of labor and expense or conflicting results." L.R. 3-12(a)(2). There is little—if any—overlapping party evidence or discovery in the cases, which will turn on distinct factual issues, such as whether and, if so, how each defendant allegedly circumvented YouTube's technological protection measures; whether and, if so, how defendants allegedly accessed or used YouTube videos (and each of Plaintiffs' videos in particular); and to what effect on each plaintiff. These distinct factual issues will result in different factual records, different witnesses, different defenses, and different proposed classes across the two cases. In addition, the Meta case raises statute of limitations issues that are not at issue in the Nvidia case. *See* Meta Compl. ¶¶ 151–54 (alleging tolling of statute of limitations). Because the court would have to engage, at a minimum, in an independent analysis of each defendant's conduct and technology, and different plaintiffs' purported standing to bring claims, the cases are insufficiently similar to justify relating the cases.

Ultimately, the only meaningful overlap between the cases is that some, but not all, of the same counsel and plaintiffs are involved, and that they both involve Section 1201(a) claims against different defendants. But that has never been found to be a sufficient basis for relation. "It is not uncommon for a single plaintiff or lawyer to bring a set of lawsuits alleging similar legal claims against different [defendants] . . . , but those similarities alone do not mean that such cases are related." *Kaidi v. Mint Mobile, LLC*, 2026 WL 1847737, at *1 (N.D. Cal. June 26, 2026).

Dated: August 27, 2026

**LATHAM & WATKINS LLP**

By *    /s/ Joseph R. Wetzel*
Joseph R. Wetzel (SBN 238008)
*Joe.Wetzel@lw.com*
Andrew M. Gass (SBN 259694)
*Andrew.Gass@lw.com*
Brittany N. Lovejoy (SBN 286813)
*Britt.Lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415.391.0600

Samir Deger-Sen (*pro hac vice*)
*Samir.Deger-Sen@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.906.1200

*Attorneys for Defendant*
*Meta Platforms, Inc.*
*in Case No. 25-cv-10931-JST*