United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MATT FISHER,

Plaintiff,

v.

NVIDIA CORPORATION,

Defendant.

Case No. 5:25-cv-10287-EJD

**ORDER GRANTING MOTION TO STAY DISCOVERY**

Re: ECF No. 62

Before the Court is Defendant NVIDIA Corporation's ("NVIDIA") Motion to Stay Discovery until the Court rules on its Motion to Dismiss Plaintiff Matt Fisher's ("Fisher") Complaint. Mot. to Stay Disc., ECF No. 62; Opp'n, ECF No. 65; Reply, ECF No. 66. For the reasons below, the Court **GRANTS** NVIDIA's Motion to Stay Discovery.

## I. BACKGROUND

This is a putative class action brought by Fisher alleging that NVIDIA circumvented YouTube's technological protection measures ("TPMs") to download video content in service of training its large-scale generative AI model, Cosmos. FAC, ECF No. 30.[1] Fisher filed the operative first amended complaint ("FAC") on March 16, 2026, raising a claim for violation of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a). *See generally id.* In particular, Fisher alleges that "[b]y using circumvention software and disabling or bypassing YouTube's TPMs, Defendants violated 17 U.S.C. § 1201(a), which prohibits the circumvention of a technological measure that effectively controls access to a copyrighted work." *Id.* ¶ 149.

[1] At the time of the filing of the complaint, Ted Entertainment, Inc., and Golfholics, Inc., were also plaintiffs, however both have since voluntarily dismissed their claims. ECF Nos. 80, 84.

NVIDIA moved to dismiss the FAC with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 6, 2026. Mot. to Dismiss, ECF No 33. On July 3, 2026, NVIDIA filed the present Motion to Stay Discovery pending an order on the motion to dismiss. This Court heard oral argument on the Motion to Dismiss on July 23, 2026, and took the matter under submission.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a potentially dispositive motion is pending but courts have "wide discretion in controlling discovery" and "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]" *Yamasaki v. Zicam LLC*, No. 21-cv-02596-HSG, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (first quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); and then quoting Fed. R. Civ. P. 26(c)). The party seeking the stay of discovery "carries the heavy burden of making a 'strong showing' why discovery should be denied." *In re Nexus 6p Products Liability Litigation*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

Courts in this district apply a two-prong test to determine whether a stay of discovery is appropriate. *Smith v. Levine Leichtman Cap. Partners, Inc.*, No. C 10-00010-JSW, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011) (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)). First, the moving party must show that the pending motion is potentially dispositive of the entire case, or at least the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D at 352. Second, the court must consider whether the pending dispositive motion can be decided absent additional discovery. *Id.* "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Yamasaki*, 2021 WL 3675214, at *1 (quoting *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013)). If both of these inquiries are answered affirmatively, courts have discretion to stay discovery. *Smith*, 2011 WL 13153189, at *1.

United States District Court
Northern District of California

Courts in this Circuit sometimes also consider additional factors to evaluate if good cause exists to grant a stay, including whether "a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential waste of resources." *Tavantzis v. Am. Airlines, Inc.*, No. 23-cv-05607-BLF, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024) (citation omitted).

## III. DISCUSSION

The Court finds that NVIDIA has satisfied both *Pacific Lumber* factors. ***First***, NVIDIA filed a motion to dismiss, raising arguments that Plaintiff's allegations ignore a critical distinction between access and copy controls, and therefore ultimately fails to plead sufficient facts to state a claim under § 1201(a)(1)(A). *See* Mot to Dismiss 3–7. Access controls are technological measures that "in the ordinary course of [their] operation, require[] the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work." 17 U.S.C. § 1201(a)(3)(B). On the other hand, a copy control is a technological measure that "in the ordinary course of its operation, prevents, restricts, or otherwise limits the exercise of a right of a copyright owner under" the DMCA. *Id.* § 1201(b)(2)(B). NVIDIA explains that common examples of access controls are password requirements and authentication codes. Mot. to Dismiss 4. By contrast, an example of a "copy control" is "streaming media, which permits users to view or watch a copyrighted work but prevents them from downloading a permanent copy of the work." *Id.* at 4–5 (citing *Hattler v. Ashton*, No. LACV1604099JAKKSX, 2017 WL 11634742, at *6 (C.D. Cal. Apr. 20, 2017)). NVIDIA continues that circumvention of copy controls is addressed in § 1201(b), but there is no comparable prohibition in § 1201(a), the subsection under which Fisher brought this action. *Id.* at 5–6.

Here, Fisher alleges that in downloading videos from YouTube for its AI model training, NVIDIA bypassed technological measures that control access to and copying of YouTube videos, but NVIDIA argues that there could not possibly be an access control circumvention where Fisher has made his works freely accessible to the public on YouTube. Mot. to Stay Discov. 2. In support of its motion to stay discovery, NVIDIA refers to the three bases supporting its motion to



United States District Court
Northern District of California

United States District Court
Northern District of California

dismiss: (1) the five alleged TPMs do not qualify as access controls as a matter of law; (2) each of the alleged TPMs suffer from additional deficiencies with respect to effectiveness, circumvention and/or their conclusory nature; and (3) Plaintiff does not allege when the claimed downloading occurred and which of the alleged TPMs were in place at the time. *Id.*

In taking its "preliminary peek" at the motion to dismiss, the Court observes that NVIDIA seeks to dismiss Fisher's entire complaint because he brings only one claim, which NVIDIA argues "is subject to dismissal on several independent grounds." *Id.* Fisher disagrees, arguing that the "preliminary peek" at the merits of NVIDIA's motion to dismiss reveals the weakness of NVIDIA's position, such that the motion to dismiss does not have the potential to dispose of the entire case. *See* Opp'n. 3–4. In particular, Fisher asserts that NVIDIA's argument that, because YouTube provides public access to videos, there is no access control, has been "squarely rejected by the Ninth Circuit in *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017)." *Id.* at 4. With this Order, the Court is not providing an opinion on the merits of the pending motion to dismiss, but finds persuasive NVIDIA's argument that the type of full-blown merits analysis that Fisher advances in his Opposition is "a far higher standard than what *Pacific Lumber* requires." Reply 1; *Leonard v. CVS Pharmacy, Inc.*, No. 5:24-CV-06280-EJD, 2025 WL 1266929, at *2 (N.D. Cal. May 1, 2025). Where the question is whether NVIDIA's motion to dismiss is *potentially* dispositive of the entire case, the Court finds that NVIDIA has satisfied the first prong of the test. *See Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020).

***Second***, the Court finds that NVIDIA's motion to dismiss is based solely on the allegations in the complaint, such that the Court need only review the pleadings to make a decision on NVIDIA's 12(b)(6) motion. *See* Reply 2. Accordingly, the second *Pacific Lumber* prong is also satisfied. Fisher argues that NVIDIA's "own briefing shows that its arguments in favor of dismissal are riddled with fact-intensive disputes that underscore, rather than eliminate, the need for discovery." Opp'n 6. Additionally, Fisher suggests that he would "in all likelihood be permitted to file a further amended complaint" if the Court grants NVIDIA's motion to dismiss,

such that "[d]iscovery conducted in the interim would help" cure any perceived pleading deficiencies. *Id.* at 6–7. Plaintiff's arguments do not persuade the Court that discovery is necessary, especially where courts have decided the issues underlying NVIDIA's potentially dispositive motion at the motion to dismiss stage.[2] *See Couponcabin LLC v. Savings.com, Inc.*, No. 2:14-CV-39-TLS, 2016 WL 3181826, at *6 (N.D. Ind. June 8, 2016) (granting defendant's motion to dismiss because plaintiff had not pled sufficient facts to show its copyrighted material was "effectively controlled" by a technological measure); *In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-CV-4315, 2025 WL 3635559, at *4–5 (S.D.N.Y. Dec. 15, 2025) ("Ziff Davis fails to allege that robots.txt instructions are a technological measure that effectively controls access to Ziff Davis's copyrighted works."); *see also Google LLC v. Serpapi, LLC*, 840 F. Supp. 3d 583, 594 (N.D. Cal. 2026) (evaluating whether alleged technological protection measure was "an effective copyright control measure" at motion to dismiss stage).

Next, the Court considers NVIDIA's argument that staying discovery will promote judicial economy and conserve party and third-party resources. Mot. to Stay Discov. 5. NVIDIA explains that Plaintiff seeks to certify a putative class of "all individuals and entities in the United States whose videos were posted on YouTube and were accessed by Defendant", and intends to seek broad third-party discovery in this case from YouTube. *Id.* Fisher contends that NVIDIA's claims of burden are unsupported, conclusory, and insufficient to warrant granting a stay. Opp'n 8. Plaintiff notes both NVIDIA and YouTube's annual revenues in support of his position that any discovery sought that is deemed "overbroad or unduly burdensome," can be addressed through objections and the meet and confer process. *Id.* at 7–8. On the record before it, the Court finds

[2] The Court also finds that Plaintiff's reliance on *San Francisco Tech. v. Kraco Enters. LLC*, No. 5:11-CV-00355 EJD, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) is misplaced. Opp'n 6–7. That action involved allegations of false marketing and the Court found that there was greater benefit to allowing discovery to proceed even though it was not required to determine the motion to dismiss, because it would allow for a more efficient and timely resolution of the matter, which required plaintiff to meet the heightened pleading standard set out in Federal Rule of Civil Procedure 9. *San Francisco Tech.*, 2011 WL 2193397, at *3. Indeed, more recently, in *Whitaker v. Tesla Motors, Inc.*, the Ninth Circuit confirmed that plaintiffs may not rely on anticipated discovery to satisfy Federal Rule of Civil Procedure 12(b)(6). 985 F.3d 1173, 1177 (9th Cir. 2021).

United States District Court
Northern District of California

that Plaintiff's anticipated discovery includes metadata for the millions of video files that Plaintiff alleges NVIDIA downloaded, the list of URLs and links, and the tools that NVIDIA relied upon, (e.g., YT-DLP). July 23, 2026, Hr'g Tr. 56:14–15, 60:11–23, ECF No. 70; *see also* Reply 3–4 ("Plaintiffs have now served requests for production seeking this information, and for each clip, Plaintiffs request file names, file sizes, file formats, resolution, duration, encoding information, time stamps, source URLs, and more"); *id.* (Plaintiff expressed intent to seek discovery from former NVIDIA CEO Jensen Huang). As the Court noted at the July 23, 2026, hearing, "metadata for a million downloads seems significant" and now finds that there is good cause to stay discovery at this time to conserve party and third-party resources.

Finally, the Court finds that there will be no undue prejudice to Plaintiff from a brief stay pending the Court's order on the motion to dismiss. The Court has not set a trial date, and although Plaintiff raises the potential for the "loss or degradation of the technical evidence needed to establish circumvention of YouTube's TPMs," NVIDIA is preserving documents relevant to this case, and will continue to do so. Opp'n 9; Reply 3; *see also In re Nexus 6p Products Liab. Litig.*, 2017 WL 3581188, at *2.

## IV. CONCLUSION

For the foregoing reasons, NVIDIA's Motion to Stay Discovery is **GRANTED**. Discovery is **STAYED** until the Court issues a ruling on NVIDIA's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: November 19, 2026

EDWARD J. DAVILA
United States District Judge